UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.   20-MJ-261 |
| | : | |
| BRIAN JEFFREY RAYMOND, | : | |
| | : | |
| Defendant. | : | |

## CONSENT PROTECTIVE ORDER
## GOVERNING UNCLASSIFIED DISCOVERY

To expedite the flow of discovery of unclassified materials between the parties, and to adequately protect personal identifying information and other sensitive information, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(1) and with the consent of the parties, hereby ORDERED:

### All Materials

1. **Limitations on use** – All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order"). Subject to the limitations contained in this Order, these materials may be used by the defendant and the legal defense team solely in connection with the defense of this case, including any appeal and post-conviction proceedings and in connection with no other proceeding, without further order of this Court.

2. **Legal defense team** – The legal defense team includes all agents, representatives, and employees of the individual defense counsel. The legal defense team shall not include the defendant, the defendant's family members, or friends or known associates of the defendant.

3. **Limitation on disclosure beyond the legal defense team** – Except as provided by this Order, the legal defense team shall not disseminate the materials or their contents directly

1

or indirectly to any person, entity, or public forum without further order of this Court. Except as provided by this order, the legal defense team may discuss the materials with and show them to third persons, including the defendant; and (2) other persons to whom this Court may authorize disclosure, where doing so reasonably can be expected to further the investigation of the defendant's case and the preparation of his defense.

4. **Limitations on copying materials –** The legal defense team may make copies or electronically reproduce the materials as deemed necessary by defense counsel. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disseminate any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. **Preventing duplication of materials during viewings –** If defense counsel authorizes the materials to be viewed by the defendant or any court-authorized person, defense counsel shall ensure that the defendant or such court-authorized person does not photograph, take screen shots, or otherwise duplicate or disseminate the materials.

6. **Other limitations –** No party shall disclose in open court or public filings the names of the victims, usernames, or group names at issue in this case without prior consideration by the Court.

7. **Materials marked "explicit and sensitive"** – Defense counsel will be provided a password-protected disc(s) of materials marked "explicit and sensitive." Defense counsel shall secure the disc(s) when not in use. The materials on the disc(s) shall not be uploaded and/or saved to any computer or network drive. The disc(s) shall not be copied or reproduced. The materials on the disc(s) shall not be printed. The materials on the disc(s) shall not be shown to the defendant.

The materials on the disc(s) shall only be reviewed by the following individuals: Jonathan Jeffress, Courtney Forrest, Emily Voshell, and Diana Castillo. Defense counsel shall not share the password with anyone and shall not store the password in close proximity to the disc(s). The disc(s) shall be returned to counsel for the government at the conclusion of the instant case.

8. **Viewing by incarcerated defendants –** It is anticipated that the defendant will be incarcerated at the District of Columbia Department of Corrections ("DCDOC"). Defense counsel is authorized to provide a copy of the unclassified, non-explicit, non-sensitive materials to the DCDOC, allowing the defendant to view the materials pursuant to the DCDOC's viewing procedure. Defense counsel shall not provide to the defendant copies of any materials the United States deems explicit or sensitive, to include photographs and/or video recordings depicting nude or partially nude women and photographs and/or video recordings of potential victims. Such materials will be clearly marked by the United States at the time of their production to defense counsel. Nothing in this Order relieves the defendant or the legal defense team of its obligation to execute a waiver, or to comply with any other requirements established by the DCDOC's Procedures for Attorney Visitation and Discovery/Surveillance Review policy.

9. The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

## Scope of this Order

10. **At termination of proceedings –** The legal defense team may retain the materials upon conclusion of this case. This Order shall remain in force after the conclusion of this case and shall continue to govern the use, disclosure, and retention of the materials.

11. **Automatic exclusions from this Order –** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents

that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

12. **Modification permitted** – Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. If the defense believes materials can be safely disseminated in redacted form, it will seek concurrence from the government with specification of the materials and redactions thereof. If the government objects, the defense may seek relief from the Court.

13. **No ruling on discoverability or admissibility** – This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this 18th day of February, 2021.

_____
THE HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA